```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Joseph Higginbotham

    v.                                    Civil No. 15-cv-435-PB

New Hampshire State Prison Warden,
Corrections Officer FNU Keniston,
Corrections Officer Cpl. FNU Paz,
and Hearing Officer Linda Paulsen

**REPORT AND RECOMMENDATION**

New Hampshire State Prison ("NHSP") inmate Joseph Higginbotham has filed a document, docketed as the complaint (doc. no. 1) in this action, in which he seeks a preliminary injunction for alleged violations of his federal constitutional rights. The complaint (doc. no. 1) is before the court for preliminary review under 28 U.S.C. § 1915A and LR 4.3(d)(1). The request for a preliminary injunction has been referred to the magistrate judge for a Report and Recommendation. See April 13, 2016, Order.

**I.    Preliminary Review**

   **A.    Standard**

For the purposes of this court's preliminary review of pro se pleadings under 28 U.S.C. § 1915A and LR 4.3(d)(1), the court construes the pleading liberally in determining whether the

inmate has stated a claim.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**B.    Background**

Higginbotham's claims in this action arise out of an incident in 2015 in which an NHSP corrections officer, Cpl. Paz, discovered a substance in Higginbotham's cell that Paz called "spice" or "marijuana."  Higginbotham asserts that Paz did not have the substance tested as is required by prison policy.  Paz wrote a disciplinary report in September 2015, charging Higginbotham with possession of an illegal drug.  Higginbotham pleaded not guilty, and was found guilty of possession of "spice" after a disciplinary hearing.

Higginbotham asserts that the failure of prison officials to test the substance found in his cell denied him due process in his disciplinary proceedings.  Higginbotham further alleges that there was insufficient evidence to find him guilty of the offense, and that the hearing officer improperly relied on hearsay in concluding that the substance was an illegal drug.

Higginbotham requests a hearing before the court, and an order vacating the disciplinary ticket and restoring Higginbotham to a lower custody status.

### C. Due Process Claim

Due process requirements apply only to the deprivation of protected interests in life, liberty, or property. See Mathews v. Eldridge, 424 U.S. 319, 332 (1976); González-Fuentes v. Molina, 607 F.3d 864, 880 n.13 (1st Cir. 2010). Protected liberty interests, for a prisoner challenging the imposition of sanctions through disciplinary proceedings, "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted).

Higginbotham has not alleged any facts suggesting that the sanctions imposed by the hearing officer were "atypical and significant," giving rise to a viable due process claim. See, e.g., Sandin, 515 U.S. at 484 (30 days in punitive segregation did not implicate liberty interest sufficient to invoke due process protections); Towle v. Eldridge, No. 11-cv-293-SM, 2011

U.S. Dist. LEXIS 150862 at *6, *9-*10 (D.N.H. Dec. 20, 2011) (49 days in pending administrative review status in segregation; 75 days loss of phone and canteen; 75 hours of extra duty; 20 days in punitive segregation (10 days imposed and 10 days suspended); and loss of lower custody status, were not atypical and significant hardships), R&R approved by No. 11-cv-293-SM, 2012 U.S. Dist. LEXIS 2611 (D.N.H. Jan. 6, 2012).  Accordingly, the district judge should dismiss Higginbotham's due process claims challenging the disciplinary proceedings, as he has not alleged the deprivation of any protected liberty interest implicated in those proceedings.

### D.     Sixth Amendment

Higginbotham asserts generally that the disciplinary proceedings involved violations of his Sixth Amendment rights.  Such claims should be dismissed; to the extent Higginbotham had any right to procedural protections in the disciplinary proceeding, that right could only have arisen under the Fourteenth Amendment's Due Process Clause, and not the Sixth Amendment.  Cf. Wolff v. McDonnell, 418 U.S. 539, 568 (1974) (Sixth Amendment right to confront and cross-examine witnesses does not apply to prison disciplinary proceedings).  As

discussed above, Higginbotham has not stated a due process claim upon which relief might be granted.

### E. Remaining Claims

Higginbotham has failed to state any other viable federal claim for relief in the complaint. Higginbotham makes a nonspecific claim that his Eighth Amendment rights were violated, but he has not alleged sufficient facts to show that any prison official has been "deliberate[ly] indifferen[t]" to any substantial risk of serious harm to Higginbotham. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Accordingly, Higginbotham's complaint fails to state any federal claim upon which relief can be granted.

## II. Preliminary Injunction Request

### A. Hearing

The court may rule on a motion for a preliminary injunction on the papers if it has before it "'adequate documentary evidence upon which to base an informed, albeit preliminary conclusion,'" and the parties have been afforded "'a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions.'" Campbell Soup Co. v. Giles, 47 F.3d 467, 470-71 (1st Cir. 1995) (citations omitted). Plaintiff's request for a preliminary

5

injunction may be resolved on the record, without need for an evidentiary hearing, as the facts necessary for this court to conclude that plaintiff has not stated a claim for relief are contained within the four corners of the complaint.

### B. Analysis

A plaintiff seeking preliminary injunctive relief must demonstrate that "'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted). The likelihood of success on the merits weighs heavily in the analysis. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("if the moving party cannot demonstrate that he is likely to succeed in his quest," preliminary injunctive relief is properly denied without further analysis). Because Higginbotham has failed to plead any actionable federal claims, he cannot show a likelihood of success on the merits. Accordingly, the district judge should deny the request for a preliminary injunction contained in Higginbotham's complaint.

## **Conclusion**

For the foregoing reasons, the district judge should dismiss this case and deny Higginbotham's request for a preliminary injunction.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 14, 2016

cc:  Joseph Higginbotham, pro se